In the Matter of the Application of JAMES E. SMITH, Petitioner, for a Peremptory Order of Mandamus against LEON G. DIBBLE, as Comptroller of the City of Schenectady, New York, and Another, Respondents.

Supreme Court, Schenectady County, July 11, 1932.

*Ernest P. Lyons* [*Henry Levine* of counsel], for the petitioner.

*McDonald King, Assistant Corporation Counsel,* for the respondents.

HEFFERNAN, J. The petitioner is a duly licensed physician practicing his profession in the city of Schenectady. During the year 1931 he rendered medical services to certain indigent resident World War veterans. These services were performed at the direction of a joint relief committee of veterans organized in accordance with the provisions of sections 117 and 118 of the Public Welfare Law. Petitioner contends that the city is liable for his services and he seeks in this proceeding a peremptory order of mandamus to compel respondents, the comptroller and the treasurer, to audit and pay his claim.

The statute (Public Welfare Law, § 117) makes special provision for the relief of those in need who have served in the military or naval service of the United States and who have been honorably discharged from such service. The purpose of this statute is to segregate those who have made sacrifices for the nation from the ranks of the common poor and relieve them from the stigma of pauperism in order that their indigence may be treated with more delicacy and concern than is accorded to the ordinary citizen in want. The law, however, confers upon municipal corporations no greater authority for the care of veterans than is given to them for the care of poor persons generally; it merely provides that they shall be cared for differently. (*People ex rel. Conde* v. *Meyers*, 161 App. Div. 315.)

The Public Welfare Law makes provision for the care of the indigent sick. Section 83 of that law is as follows: " Responsibility for providing medical care. The public welfare district shall be responsible for providing necessary medical care for all persons under its care, and for such persons otherwise able to maintain themselves, who are unable to secure necessary medical care, except insofar as, in cases of communicable disease, that duty may be imposed upon the health officer by law or the state sanitary code. Such care may be given in dispensaries, hospitals, the person's home or other suitable place."

Section 84, so far as material here, provides: " Physicians in public welfare districts. When a legislative body shall make an appropriation for the purpose, one or more physicians shall be appointed to care for sick persons in their homes. * * * In a city, such physician or physicians shall be appointed in accordance with the provisions of the general or local law, relating to such city. * * * Where no physician is so appointed, the public

welfare official shall employ a physician or physicians to visit sick persons in their homes whenever necessary."

In compliance with these statutes the city of Schenectady has a department of health, supervised by the commissioner of health who is a licensed physician. There are four district health physicians who are paid an annual salary and who are assigned to various sections of the city in which to perform their duties. In addition the city maintains a health center, employing there nine physicians, two dentists and a staff of nurses where those who are unable to pay therefor may obtain free treatment. The respondents assert that the city has made ample provision through its health physicians and its health center for the treatment of the sick who are in want and that veterans as well as others must receive care from these agencies.

The petitioner takes the position that the joint relief committee as appointed and constituted may absolutely determine who are indigent and in need of medical treatment, the nature of the treatment to be administered, the physicians who shall administer it and that the city authorities have no control over it and that their only duty is to pay the bills thus incurred. It seems to me that this is an extraordinary interpretation of the law. Such a construction would place the taxpayer at the mercy of the veteran. I can find nothing in the statute to warrant such a conclusion. The members of this committee are not public officers. They do not function under the sanction of an official oath. They have no obligation or responsibility to the public. It is true that the commander of the post is required to give an undertaking for the faithful and honest discharge of his duties. That undertaking covers only the application of the money received.

I am convinced that the joint relief committee in question has no authority to select physicians for the treatment and care of veterans in distress. The city is providing efficient medical service for the indigent through doctors of its own selection. It cannot be required to do more. Any other construction of the statute would place the funds of a municipality at the uncontrolled disposal of irresponsible persons not selected by the people, not appointed by any public body or officer and under the control of no one. (*People ex rel. Crammond* v. *City of Rome*, 136 N. Y. 489.)

The application is, therefore, denied, but under the circumstances, without costs.